*539 MEMORANDUM *
The plaintiffs, including the Estate of Steven M. Bours, sued the defendants pursuant to 42 U.S.C. § 1983 for excessive force, under California law for wrongful death, and for an alleged violation of Cal. Civ.Code § 52.1, unlawful interference with a person’s constitutional rights. The district court disposed of all claims either by way of stipulation, partial judgments on the pleadings, or, in the case of their section 1983 claim, summary judgment. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review de novo, and we affirm.
In excessive force cases, the inquiry is whether the officers’ use of force was objectively reasonable under the totality of the circumstances. Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Of the Graham factors, the “single most important element” is whether the suspect posed an immediate threat to the safety of officers or others. Smith v. City of Hemet, 394 F.3d 689, 702 (9th Cir.2005).
The district court accurately summed up the events generating this case. The central facts were recorded by the officers’ dashboard video camera. The undisputa-ble facts are as follows.
Bours, under the influence of amphetamine/methamphetamine and wielding an axe, was walking northbound in the middle of the southbound lanes of Paramount Boulevard at about 6:30 p.m. on March 20, 2010. The street was lined with businesses, homes, vehicles, and people. Bours’s activity was so alarming that numerous individuals called 911 to report it. With guns drawn, the responding officers identified themselves as police, shielded themselves behind their stationary vehicle doors as he approached them, and repeatedly shouted at Bours to drop his axe. In the video, the red and blue emergency lights of the officers’ vehicle were so bright that their reflection can be seen on Bours’s shirt as he walked directly up to the hood of their unit. Bours quickly approached, paused briefly in front of the police vehicle, and then walked around it while the officers continued to yell “drop the axe” and “drop it.” Nineteen times the officers shouted these warning commands at Bours. He failed to respond. Though Bours walked out of the dashboard camera view, it is undisputed that he fell in the spot he was standing when he was shot 1.4 seconds later — close to the vehicle, past the passenger-side door, and closer to the officers than when he rounded the unit’s front with his axe in hand. The entire interaction lasted twenty-one seconds.
The plaintiffs ask us to infer that Bours was walking away from the officers and towards the curb when they shot him. The record belies such an inference, rendering it unreasonable and thus insufficient to create a triable issue of fact or produce a viable verdict in their favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Reviewing the facts in the light most favorable to the plaintiffs, it is indisputable that the officers’ conduct was objectively reasonable because Bours posed an immediate threat to both the safety of the officers and bystanders on the street. See e.g., Blanford v. Sacramento Cty., 406 F.3d 1110, 1116-18 (9th Cir.2005) (finding that officers’ use of lethal force was reasonable where suspect was carrying a sword in a residential neighborhood, walking away from the officers and attempting *540 to enter a private backyard, and ignoring officers’ repeated commands to stop).
Contrary to the plaintiffs’ assertions, the district court did not ignore the law and the rules governing summary judgment. The court’s discussion of the facts and inferences to be drawn from them was no more than an explanation of why as a matter of law the plaintiffs have no actionable case.
Accordingly, the district court’s grants of judgment on the pleadings and summary judgment in favor of the defendants on the federal and state claims was appropriate.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.